UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80101-CIV-SINGHAL

DEBORAH J. KREITER and
SAMUEL D. KREITER,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LC., *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon *sua sponte* upon review of the docket. This case was transferred from the Middle District of Florida after Defendants objected to venue in that district. The prior court found that the Southern District of Florida was a more appropriate venue and granted Defendants' pending Motions to Dismiss for improper venue (DE [50]). The prior court did not rule on other grounds raised in Defendants' Motions to Dismiss, which included the argument that Plaintiffs' Second Amended Complaint (DE [47]) is a shotgun pleading subject to dismissal.

This Court has reviewed the 292-page Second Amended Complaint (DE [47]) and the 437 pages of exhibits. This is a classic shotgun pleading and the Court will not submit itself or defense counsel to the task of combing through the allegations to identify whether Plaintiffs state a cause of action. Plaintiffs' status as *pro se* litigants does not excuse them from complying with the Federal Rules of Civil Procedure or the Court's orders. *Sarhan v. Miami Dade College,* 800 Fed. Appx. 769, 771-72 (11th Cir. Jan. 28, 2020).

Federal Rule of Civil Procedure ("Rule") 8 requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The opposite of a short and plain statement of the claim is what is known

as a "shotgun" pleading. "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)); *see also Davis v. Coca–Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."); *Strategic Income Fund, LLC*, 305 F.3d at 1295 n.9 ("This court has addressed the topic of shotgun pleadings on numerous occasions in the

past, often at great length and always with great dismay."); *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice.").

A shotgun pleading is subject to dismissal. "Before dismissing a complaint with prejudice on shotgun-pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." *Arrington v. Green*, 757 Fed. Appx. 796, 797 (11th Cir. 2018) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018)).

Plaintiffs' Second Amended Complaint (DE [47]) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The Second Amended Complaint attempted to allege sufficient facts to establish venue in the Middle District of Florida, but the pleading contains minutia and irrelevant factual assertions that serve only to distract the reader from determining whether a valid cause of action might be lurking in their midst.

The Second Amended Complaint fails to meet the "short and plain" requirement of Rule 8(a). Nevertheless, although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There is a happy medium between pleading "mere labels and conclusions" and drafting a "shotgun" pleading.

The Court will grant Plaintiffs one more attempt to craft a pleading that complies with Rule 8(a). To assist the parties -- and the Court -- the Third Amended Complaint will be limited to 30 pages in length, excluding exhibits.[1]  <u>Plaintiffs are warned that failure to cure their shotgun pleading will result in dismissal with prejudice</u>. *Vibe Micro,* 878 F.3d at 1296.

For the reasons discussed above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Second Amended Complaint (DE [47]) is **DISMISSED** without prejudice. Plaintiffs shall file a Third Amended Complaint that will be limited to 30 pages in length, double-spaced in 12-point font and excluding exhibits. The Third Amended Complaint shall comply with the pleading requirements of Fed. R. Civ. P. 8(a) and shall be filed by **FEBRUARY 9, 2022.** <u>Failure to comply with this Order will result in dismissal with prejudice without further notice</u>.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of January 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel and Plaintiffs
via CM/ECF

---

[1] Although there is not a limit on the number of exhibits, not every piece of documentary evidence needs to be attached to the complaint. The Court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). If the facts as alleged plausibly state a claim, evidentiary support for that claim may be presented at the appropriate time.